IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
08/21/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

TANH HUU LAM,

Petitioner,

v.

C. CARTER, Warden, FCI-Leavenworth,[1]

Respondent.

Case No. 26-3307-JWL

## MEMORANDUM AND ORDER

This matter comes before the Court on a *pro se* petition for habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Court **dismisses** the petition for lack of jurisdiction.

In 1999, after an original trial had resulted in a hung jury, petitioner pleaded guilty in the United States District Court for the Eastern District of California to a charge of arson resulting in death, and his conviction was affirmed on appeal. *See United States v. Lam*, 251 F.3d 852 (9th Cir. 2001). Petitioner was given a life sentence, and he is presently imprisoned within this judicial district.

By his habeas petition, petitioner asserts ten claims by which he challenges the validity of his conviction. These claims have been previously asserted in numerous motions filed in his trial court of conviction, including motions pursuant to 28 U.S.C. §

[1] The Court has substituted petitioner's present custodian as the proper respondent.

2255. That court has ruled that petitioner's claims of constitutional violations occurring prior to his guilty plea are barred under Supreme Court precedent; and that claims relating the plea itself are barred because he did not assert them first in his direct appeal.[2] That court has denied additional Section 2255 motions as successive motions brought without the required authorization from the Ninth Circuit. Finally, that court has warned petitioner to stop filing duplicative motions or successive Section 2255 motions without authorization.

Petitioner would ordinarily be required to assert any challenge to his conviction not by habeas petition, but by motion pursuant to Section 2255, as the Tenth Circuit has explained:

> Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255, and in the district court that convicted and sentenced him . . . . Meanwhile, § 2241 petitions, brought in the district where the prisoner is confined, are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement.

*See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) (emphasis in original). In answer to a question on his form petition about why his Section 2255 remedy is inadequate or ineffective to challenge his conviction, petitioner states that the "savings clause" has been considered to cover "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." Petitioner has not explained why

[2] On direct appeal, petitioner asserted claims that had been reserved as a part of his guilty plea; petitioner waived the right to assert any other claims as a part of that plea, including the claims asserted in this petition.

seeking such relief would be impossible or impracticable in his case, however; nor has he cited any authority supporting application of the savings clause in this case.

The "savings clause" of 28 U.S.C. § 2255(e) "sometimes allows a federal prisoner to resort to § 2241 to challenge the legality of his detention, not just the conditions of his confinement." *See Prost*, 636 F.3d at 581. "To fall within the ambit of [the] savings clause and so proceed to § 2241, a prisoner must show that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *See id.* (quoting 28 U.S.C. § 2255(e)) (second alteration in original). It appears that petitioner may be arguing that a Section 2255 remedy would be inadequate or ineffective here because he may no longer assert his claims under Section 2255 (because any such motion would be an improper successive motion). *See* 28 U.S.C. § 2255(h) (a successive petition must be based on newly discovered evidence or a new retroactive rule of constitutional law). Indeed, petitioner has attempted to assert his claims by Section 2255 motion on multiple occasions since the denial of his original post-conviction motion, and the Ninth Circuit has declined to authorize a successive motion.

The Tenth Circuit has foreclosed any such argument for habeas review, however. In *Prost*, the court held that the Section 2255 remedy is not inadequate or ineffective under the savings clause of Section 2255(e) merely because a previous motion under that statute did not succeed or a new motion could not succeed, as long as the claim *could* have been raised in an original Section 2255 motion. *See Prost*, 636 F.3d at 584-98. In this case, petitioner could have raised these same claims in his original motion under Section 2255;

therefore, his remedy under that statute was not inadequate or ineffective, and he may not rely on the savings clause to seek relief under Section 2241.

Accordingly, this Court lacks jurisdiction to hear petitioner's challenge to his conviction as a habeas claim under Section 2241, and it therefore dismisses the case.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas relief under 28 U.S.C. § 2241 is hereby **dismissed** for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 21st day of August, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge